**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-16796 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00139-WBS-AC-1 |
| v. | |
| RICHARD NUWINTORE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted December 14, 2016
San Francisco, California

Before: KOZINSKI, BYBEE, and N.R. SMITH, Circuit Judges.

Richard Nuwintore appeals the district court's dismissal of his petition for writ of error coram nobis that he filed to vacate his guilty plea. We review the district court's denial of the writ de novo, *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), and now reverse and remand for an evidentiary hearing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Nuwintore claims that his trial counsel was constitutionally ineffective by allegedly failing to advise him of the immigration consequences of pleading guilty to access device fraud with losses over $10,000. To succeed on this claim, Nuwintore must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, Nuwintore would have negotiated a better plea deal or gone to trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Rodriguez-Vega*, 797 F.3d 781, 786, 788 (9th Cir. 2015).

1.     Taking Nuwintore's allegations and evidence as true, as we must at this stage of the proceedings, Nuwintore has sufficiently shown that his counsel was ineffective by (1) failing to apprise Nuwintore that he would not be subject to automatic removal if he pleaded guilty to a loss of less than $10,000, and (2) neglecting to mention that even though Nuwintore might avoid actual removal, he would be charged with removability and suffer a loss of his asylum status. The immigration consequences of admitting a loss over $10,000 were "succinct, clear, and explicit," *Padilla v. Kentucky*, 559 U.S. 356, 368 (2010), as well as "virtually certain," *Rodriguez-Vega*, 797 F.3d at 786–87. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), B(i) (providing that asylum status must be revoked if the Attorney General determines that the alien was "convicted . . . of a particularly serious crime" which

2

includes a "convict[ion] of an aggravated felony"); *id.* § 1101(a)(43)(M)(i)

(providing that a fraud offense causing losses over $10,000 constitutes an

aggravated felony). Accordingly, counsel was obligated to both explain to

Nuwintore the significance of the $10,000 threshold as well as that he would lose

his asylum status if he pleaded guilty to causing losses over $10,000.

2.    Nuwintore's allegations and evidence also show a reasonable

probability that Nuwintore could have negotiated a plea deal with admitted losses

of less than $10,000 or would have gone to trial. Had the government offered such

a plea agreement, the immigration consequences would have been different. *See*

*Nijhawan v. Holder*, 557 U.S. 29, 42 (2009). Even assuming that the government

would have refused to enter into an agreement with stipulated losses of less than

$10,000, we must credit Nuwintore's assertion that he would have gone to trial to

avoid automatic removal proceedings. Accordingly, we must reverse and remand

for an evidentiary hearing.[1]

**REVERSED.**

---

[1] We note that Nuwintore might well regret obtaining coram nobis relief. If the government chooses to try him, he may suffer the same or worse immigration consequences as well as serve a longer sentence. The choice, of course, is Nuwintore's, and we anticipate that counsel will properly advise him of the risks.

*United States v. Nuwintore*
No. 15-16796

Judge N.R. Smith, dissenting.

I respectfully dissent from the majority's conclusion that defense counsel's performance fell below an objective standard of reasonableness as previously defined by precedent.

First, under *United States v. Rodriguez-Vega*, 797 F.3d 781, 786 (9th Cir. 2015), to meet the objective standard of reasonableness when the defendant is a non-citizen, defense counsel must advise the defendant of the immigration consequences of any criminal charges pending against the defendant. More specifically, "where the law is 'succinct, clear, and explicit,' that [a] conviction renders removal virtually certain, counsel must advise his client that removal is a virtual certainty." *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 368–69 (2010)). In addition, defense counsel must "advise the client of 'the advantages and disadvantages of a plea agreement.'" *Padilla,* 559 U.S. at 370–71 (quoting *Libretti v. United States*, 516 U.S. 26, 50–51 (1995)).

According to Nuwintore's own affidavits, his defense counsel spoke to him before the change of plea hearing about the immigration consequences of the plea deal he was presented. Defense counsel specifically showed him the portion of the

1

written plea agreement that stated, "because defendant is pleading guilty to access device fraud with a loss amount over $10,000, removal is presumptively mandatory." This satisfied the requirements of our precedent.

To reach this decision, the majority strays from our well-established precedent, expands the responsibilities of defense counsel, and suggests that defense counsel must discuss with the client plea deals that were never even offered by the government. Our precedent does not require that defense counsel advise his or her client regarding what other potential government plea deals (not ever offered by the government) will allow the defendant to avoid deportation—or all other immigration consequences. And explaining the advantages and disadvantages of a particular plea agreement the government offered to the defendant does not necessarily entail explaining the advantages and disadvantages of every other possible plea agreement.

Second, the majority faults defense counsel for neglecting to mention that Nuwintore would suffer a loss of his asylum status pursuant to 8 U.S.C. § 1158(b)(2)(A)(ii), B(i). Nuwintore never asserts that counsel's failure to inform him specifically about the effect on his asylum status amounted to ineffective assistance of counsel. Nuwintore does assert that he believed his "political asylum status would prevent deportation or removal." Consistent with this belief, an

2

immigration judge granted his application for withholding of removal based on his past persecution and likely future persecution. I cannot join a disposition determining that defense counsel provided ineffective assistance to Nuwintore on grounds he never asserted.